IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. SANTIAGO DEL VALLE AND HIS WIFE, CÁNDIDA SANTOS DE SANTIAGO, AND, THEIR LEGAL CONYUGAL PARTNERSHIP<br><br>Plaintiffs<br><br>v.<br><br>METROPOL HATO REY LLC;<br>RESTAURANT METROPOL 3 INC.;<br>OCTAVIO RAVELO, HIS WIFE, MYRIAM CANOSA DE RAVELO AND THEIR LEGAL CONJUGAL PARTNERSHIP;<br>CHRISTIAN D. RAVELO CANOSA, HIS WIFE, JOAN DOE AND THEIR LEGAL CONJUGAL PARTNERSHIP;<br>ALEXANDRO J. RAVELO CANOSA, HIS WIFE JANE DOE AND THEIR CONJUGAL PARTNERSHIP; REYNALDO VEGA, HIS WIFE MARY DOE AND THEIR CONYUGAL PARTNERSHIP; A, B and C CORPORATIONS; AND, X, Y, and Z INSURANCE COMPANIES.<br><br>Defendants | CIVIL NO. 18-CV-1464(GAG)<br><br>RE:   Retaliation under the Age Discrimination and Employment Act |

COMPLAINT

COMES NOW the Plaintiffs, PRO SE, and respectfully alleges, prays and states:

1. The plaintiffs are of legal age, married, he is currently an employee of METROPOL HATO REY, LLC and in the past was employed by RESTAURANT METROPOL 3, INC; she is employed, and they have established their residence at Barrio Lomas Vallés, Carretera 811, Km 4.7 exterior, Naranjito, PR; their postal address is PO Box 8775, San Juan, PR 00910-0775; and their telephone numbers are (787) 585-2581 and (787) 210-0937.

2. METROPOL HATO REY, LLC is a domestic limited liability company, operating for profits, organized under the Laws of the Commonwealth of Puerto Rico and registered in the State Department of Puerto Rico with number 324967 and principal offices located at Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico. Other/alternate offices are located at 244 Avenue FD

1

Roosevelt, Second Floor, San Juan, PR, and its principal place of business is a bar restaurant located at 246 and 248 FD Roosevelt Avenue, San Juan, PR. Its postal address is PO BOX 6215, Loiza Street Station, San Juan, PR 00914; and the telephone number is (787) 751-4022.

3.   MR. ALEXANDRO J. RAVELO CANOSA, of legal age, married, executive, resident of San Juan, Puerto Rico, is the Resident Agent, and/or shareholder and/or owner and/or partner and/or executive and/or director and/or officer of METROPOL HATO REY, LLC with offices located at Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico. He has other offices located at 244 Avenue FD Roosevelt, Second Floor, San Juan, PR. His postal address is PO BOX 6215, Loiza Street Station, San Juan, PR 00914 and his electronic mail address is raveloalex@hotmail.com.

4.   RESTAURANT METROPOL 3, INC is a domestic for profit corporation, organized under the Laws of The Commonwealth of Puerto Rico and registered in the State Department of Puerto Rico with number 45593 and its principal offices located at 124 FD Roosevelt Avenue in San Juan, PR and postal address listed as PO Box 192398, San Juan, PR 00919-2398, as per the State Department records. The Resident Agent of the corporation is MR. OCTAVIO RAVELO HERNÁNDEZ, email address raveloalex@hotmail.com, who substituted MR. OCTAVIO RAVELO, email address lbgonzalezcpa@yahoo.com, on April 3, 2012, as per the State Department of Puerto Rico computer record of the Corporation. Their physical and postal addresses are the same as those listed for the Corporation.

5.   MR. CHRISTIAN D. RAVELO CANOSA, of legal age, married, executive, resident of San Juan, Puerto Rico, is a shareholder and/or owner and/or partner and/or executive and/or director and/or officer of METROPOL HATO REY, LLC with offices located at Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico. He has other offices located at 244 Avenue FD Roosevelt, Second Floor, San Juan, PR. His postal address is PO BOX 6215, Loiza Street Station, San Juan, PR 00914 and his electronic mail address is chrisravelo@hotmail.com.

6.   MR. OCTAVIO RAVELO HERNÁNDEZ, of legal age, married to Myriam Canosa and a resident of San Juan, PR, is a shareholder and/or owner and/or partner and/or executive and/or director and/or officer of METROPOL HATO REY, LLC and RESTAURANT METROPOL 3, INC, with offices located at Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico. He has other offices located at 244 Avenue FD Roosevelt, Second Floor, San Juan, PR. His postal address is PO BOX 6215, Loiza Street Station, San Juan, PR 00914 and his electronic mail address is lbgonzalezcpa@yahoo.com.

7.   MRS. MYRIAM CANOSA DE RAVELO, of legal age, married to Octavio Ravelo Hernández and a resident of San Juan, PR, is a shareholder and/or owner and/or partner and/or executive and/or director and/or officer of METROPOL HATO REY, LLC and RESTAURANT METROPOL 3, INC, with offices located at Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico. She has other offices located at 244 Avenue FD Roosevelt, Second Floor, San Juan, PR. Her postal address is PO BOX 6215, Loiza Street Station, San Juan, PR 00914.

8.   MR. REYNALDO VEGA, of legal age, married, executive, resident of San Juan, Puerto Rico, is a shareholder and/or owner and/or partner and/or executive and/or director and/or officer of METROPOL HATO REY, LLC and RESTAURANT METROPOL 3, INC, with offices located at Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico. He has other offices located at 244 Avenue FD Roosevelt, Second Floor, San Juan, PR. His postal address is PO BOX 6215, Loiza Street Station, San Juan, PR 00914

9.   The known business address for ALEXANDRO J. RAVELO CANOSA, CHRISTIAN D. RAVELO CANOSA, OCTAVIO RAVELO, MYRIAM CANOSA DE RAVELO and REYNALDO VEGA is 244 FD Roosevelt Avenue, Second Floor, San Juan, Puerto Rico. Their alternate addresses are: Edificio Mai Center, Avenida Kennedy 2000, Suite 205, San Juan, Puerto Rico or the restaurant locale at 246 and 248 FD Roosevelt Avenue, San Juan, PR. Their electronic mail addresses were listed in the previous paragraphs.

10. The spouses of co-defendants ALEXANDRO J. RAVELO CANOSA, CHRISTIAN D. RAVELO CANOSA and REYNALDO VEGA are listed as JOAN DOE, JANE DOE and MARY DOE, respectively, since their names are not known. They are jointly liable with other co-defendants and their respective husbands for all the allegations and damages listed, alleged or claimed in the complaint. Their names will be substituted in the Complaint as soon as it becomes known to the Plaintiffs.

11. A, B, and C CORPORATIONS are entities whose real names or existence are unknown, but are jointly responsible with other co-defendants for all the allegations and damages listed, alleged or claimed in the complaint. Their names will be substituted in the Complaint as soon as it becomes known to the Plaintiffs.

12. X, Y, and Z COMPANIES are insurance carriers that have current insurance policies on behalf of other co-defendants to cover all damages claimed in the Complaint, whose real names or existence are unknown, but are jointly responsible with other co-defendants for all the allegations and damages listed, alleged or claimed in the complaint. Their names will be substituted in the Complaint as soon as it becomes known to the Plaintiffs.

13. This Court has federal jurisdiction based upon the "Age Discrimination in Employment Act" ("ADEA"), 29 U.S.C. 621 et seq, as amended. Specifically, under the anti-retaliation provisions of ADEA, 29 U.S.C. 623 (d).

14. Jurisdiction arises under 28 U.S.C. 1331 in that the matter in controversy arises under an act of Congress regulating commerce and relating to age discrimination. Also, jurisdiction arises under 28 U.S.C. 2201 and 2202.

15. Also, the Court's supplementary jurisdiction to entertain local law claims arising under the same set of operations facts is hereby invoked. The local claims in this action are based upon: Articles 1802

and 1803 of the Puerto Rico Civil Code and Law No. 100 of June 30, 1959, as amended, 29 Laws of P.R. Anno. 146 et seq, ("Puerto Rico Law No. 100").

16. The necessary procedural and administrative requirements to bring this action have been satisfied and exhausted.

17. The proper venue is in this Court.

18. The plaintiff, Juan A. Santiago Del Valle (Santiago), is an individual protected by the ADEA and the local laws invoked in this case. He was an employee of RESTAURANT METROPOL 3, INC (METROPOL 3) from 1988 through December 21, 2013. He has been an employee of METROPOL HATO REY, LLC (METROPOL HR) from December 2013 up to the present date.

19. In the 2010-2013 time frame, Santiago filed complaints Anti Discriminatory Unit of the Department of Labor of the Commonwealth of Puerto Rico (ADU) and at the Equal Employment Opportunity Commission (EEOC), respectively, based and Puerto Rico Law No. 100, supra, and Articles 1802 and 1803, supra, to recover damages against METROPOL 3 and the other defendants for age discrimination, and employment harassment, which included a reduction of working hours from 40 to 22 weekly hours compared to other employees with less seniority, and, assignment of working stations in the restaurant (tables) with less sitting space for customers than working stations assigned to younger people or employees with less seniority, thus resulting in less income because of less amounts of tips. This reduction in working hours and benefits was done ex parte by the employer without previous warning or notification to Santiago.

20. As a result of such complaints in the Department of Labor, Santiago working hours were never increased back to 40 weekly working hours and he was assigned working stations consisting of tables with sitting space for two people, thus aggravating his possibilities of increasing his income; this is an open retaliation for Santiago's filing his complaints. Santiago continuously complained to his

5

supervisors about the reduction of his working schedule and the answer he got from Christian D. Ravelo Canosa was a harsh take it or leave it ("cójelo o déjalo"). The hours were increased to 25 working hours even though other employees with less seniority maintained their 40 hour working schedule.

21. On December 20, 2013, OCTAVO RAVELO HERNÁNDEZ AND CHRISTIAN RAVELO CANOSA as shareholders and/or owners and/or partners and/or executives and/or directors and/or officers of METROPOL HATO REY, LLC and RESTAURANT METROPOL 3, INC, signed a letter addressed to the employees of Restaurant Metropol, located at #124 F.D. Roosevelt Ave, San Juan, PR, and operated by RESTAURANT METROPOL # 3 INC, informing them that the Restaurant would be closing operations on December 22, 2013. The letter further stated that the restaurant would be starting up operations on December 26, 2013, at a new locale with address of #244, 246, and 248 FD Roosevelt Ave. San Juan, Puerto Rico and that it would be operated by METROPOL HATO REY, LLC. All employees were informed that METROPOL HATO REY, LLC would offer them the same position, salary and benefits that they were receiving from RESTAURANT METROPOL 3, INC. The employees were also informed that they would receive complete credit for the time of service at RESTAURANT METROPOL 3 INC and that on December 23, 2013, there would be two meetings with all personnel, and, that the employees should wear appropriate clothing to work in the moving chores of the restaurant.

22. METROPOL HATO REY, LLC is the successor employer of RESTAURANT METROPOL 3, INC, it has the same employees, management, line of business, product line, menu, suppliers, owners, shareholders, directors, officials, executives and basically operates locations within a half a mile radius so probably has the same customers. METROPOL HATO REY, LLC had knowledge that the working hours of Santiago had been reduced from 40 to 22 and had knowledge that Santiago had filed complaints with ADU and EEOC about age discrimination, harassment and working conditions.

23. In 2016, Santiago again filed complaints numbers uadau15-739c and 16H-2016-00055C, against METROPOL HATO REY, at the Anti Discriminatory Unit of the Department of Labor of the

Commonwealth of Puerto Rico (ADU) and at the Equal Employment Opportunity Commission (EEOC), respectively, based and Puerto Rico Law No. 100, supra, and Articles 1802 and 1803, supra, to recover damages from defendants. Santiago's working hours continue to be less the 40, even though his total weekly hours were raised to 25, 12 during working days of the week (Monday Thru Friday) and 6.5 hours each on Saturdays and Sundays. His weekly working schedule is still short 15 hours. The defendants refuse to restore Santiago's working schedule to 40 weekly hours and have refused to pay him his accumulated sick leave which amounts to $877.25 all of these in retaliation because Santiago has claimed and tried to validate his rights as an employee under the ADEA and PR law no. 100.

24.     On January 12, 2018, the ADU dismissed the complaint and authorized the Plaintiff to plead his case in the local or federal courts. On January 25, 2018 the ADU referred the case to the EEOC requesting that a Right to Sue letter be issued on behalf of the Plaintiff Santiago.

25.     On April 9, 2018, the EEOC issued a Notice of Right to Sue under ADEA on the EEOC charge no. 515-2017-00554 and notified it to the postal address of the Plaintiff Santiago.

26.     These acts, perpetrated willfully by all defendants, were done in retaliation for the Plaintiff Santiago, having filed several complaints under the ADEA and Puerto Rico Law No. 100, against METROPOL 3 and METROPOL HATO REY.

27.     Defendants' conduct was willful and in reckless disregard of Santiago's federally and locally protected rights.  Thus, liquidated and/or punitive damages are hereby requested.

28.     Santiago suffered past, present, and future damages, including economic damages (in the form of loss of income and benefits), forfeiture of accrued benefits, loss of opportunities for future income, and back pay that amount to $50,895.00 and compensatory damages such as mental suffering and anguishes due to the continuous harassment from his employers, managers, shareholders, supervisors and peers that amount to no less than $250,000. His wife has had mental suffering and anguishes

7

experiencing the precarious economic state that the couple is experiencing and witnessing and feeling the continuous economic pressure and mental suffering that her husband has gone through due to the exclusive unlawful and tortious acts of the defendants. Her compensatory damages amount to no less than $100,000.00

29. Plaintiffs demand trial by jury in all causes of action.

WHEREFORE, it is respectfully requested from this Honorable Court:

A. To enter declaratory judgment stating that the acts complained herein are in violation of ADEA, Puerto Rico Law 100 and Articles 1802 and 1803 of the Puerto Rico Civil Code.

B. That plaintiffs be compensated for all their economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $350,000.00.

C. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

D. That damages be doubled as mandated by local law.

E. That pre-judgment and post judgment interests be imposed.

F. That cost and all litigation expenses be taxed.

G. That Plaintiff Santiago be reinstated to his working schedule of 40 weekly regular hours under conditions where his rights are not violated, and restitution of loss benefits.

H. That hourly back pay in an amount of $50,895.00 and front pay be awarded.

I. That accumulated sick leave in the mount of $877.25 be paid.

J. That all benefits lost be compensated.

K. That plaintiffs be granted such other further relief as it may be deem appropriate and proper, including and order directing defendants to cease following a practice adverse to ADEA protected individuals.

In San Juan, Puerto Rico this 9th of July, 2018.

RESPECTFULLY SUBMITTED.

JUAN A. SANTIAGO DEL VALLE

CÁNDIDA SANTOS DE SANTIAGO
PO Box 8775
San Juan, PR 00910-0775
Tels: (787) 585-2581; (787) 210-0937