## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. SANTIAGO DEL VALLE and his wife, CANDIDA SANTOS DE SANTIAGO, and, their Legal Conjugal Partnership<br><br>Plaintiffs<br><br>v.<br>METROPOL HATO REY, LLC; RESTAURANT METROPOL 3, INC. OCTAVIO RAVELO, et als<br><br>Defendants | CIVIL NO.  2018-CV-1464 (GAG)<br><br><br><br>RETALIATION UNDER THE AGE DISCRIMINATION AND EMPLOYMENT ACT |

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT UNDER FED.R.CIV.P. 12(b)(1) AND (6)

TO THE HONORABLE COURT:

COME NOW the undersigned defendants Metropol Hato Rey, LLC, Restaurant Metropol 3, Inc., Octavio Ravelo in his personal capacity and Octavio Ravelo's Legal conjugal Partnership (hereinafter together the "Appearing Defendants" or "Defendants"), who specially appear without submitting to the jurisdiction of this Court, and respectfully ALLEGE and PRAY as follows:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Juan A. Santiago Del Valle (hereinafter Santiago), a retired employee of Metropol Hato Rey, LLC, and his wife, Cándida Santos de Santiago (Santiago's wife) and their legal conjugal partnership, filed a Complaint on July 9, 2018. See Complaint, Docket No. 1. After Appearing Defendants filed as responsive pleading a Motion to Dismiss (Docket No. 6) and Plaintiffs filed the Opposition to Motion to Dismiss (Docket No. 10), Plaintiffs requested and were granted leave to file an Amended Complaint which they filed on November 1, 2018.  On October 22, 2018 this Court issued an

1

order denying without prejudice Docket No. 6, Defendants' Motion to Dismiss for Lack of Jurisdiction, and advising Defendants that the Motion could be renewed in regard to the amended complaint.  See Dockets Nos. 11, 13, 14.

Plaintiff alleges in the Amended Complaint that Appearing Defendants are liable to them under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621 et seq., as well as under the Puerto Rico Law 100 (Law 100) of June 30, 1959, as amended, 29 L.P.R.A. 146, et seq., and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§5141 and 5142, for damages caused by discriminating against Santiago in his employment because of his age.  Plaintiff claims that this Honorable Court has federal jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA), 29 USC 621; and 28 USC 1331 and invokes the Court's supplemental jurisdiction to entertain the local law claims. See Docket No. 17, ¶¶1, 40, 43, 14.

Defendants move to summarily dismiss, partially or in its entirety, all or most of the claims alleged in the Amended Complaint (Docket No. 17) under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621 et seq. and Puerto Rico law under the legal theories discussed below.   To start, Defendants posit that plaintiffs' only course of redress in the Federal Court for their claims of discrimination in the workplace are found in the ADEA and that this statute permits but a single defendant in this case and that is, Santiago's employer: METROPOL HATO REY, LLC. (See Complaint, Docket 1, ¶¶7 to 9).  Moreover, Defendants also posit that most of the allegations in the complaint regarding discriminatory action from 2010 to 2011, must be dismissed as time-barred because Plaintiffs did not timely comply with the requirements of the administrative exhaustion of the proceedings in the Anti-Discrimination Unit of the Commonwealth of Puerto Rico Department of Labor ("PR-ADU") and the Equal Employment Opportunity Commission (EEOC) since, pursuant to an agreement between the parties, Santiago filed at the PR-UAD for a voluntary dismissal of his 2011 Charge of Discrimination UAD No. 11-535c / EEOC No. 16H-2011-00055, and his charge was dismissed with prejudice through letter dated September 6, 2011.

Furthermore, Defendants also posit that all the allegations in the complaint regarding discriminatory acts from 2014 to 2015, that were included in the Charge of Discrimination, **ADU No. 15-739c / EEOC No. 16H-2016-0055C**,  must also be dismissed as time-barred because Santiago failed to file a complaint at the federal court WITHIN 90 days of his receipt of the Right to Sue Letter in the EEOC Charge of Discrimination No. 16H-2016-00055, thus, waiving his right to sue METROPOL HATO REY LLC based on the acts of age discrimination included in **ADU No. 15-739c / EEOC No. 16H-2016-0055C**, that had occurred within the 300-day period prior to the date of filing of said Charge on **October 27, 2015**.

It is defendants' contention that Plaintiff Santiago has only preserved his right to sue METROPOL HATO REY, LLC based on the acts of age discrimination included in Charge of Discrimination **EEOC No. 515-2017-000554**, that occurred within the 300-day period prior to the date of filing of said EEOC Charge, on **May 17, 2017**.  Defendants, however, aver that, most probably, none of plaintiffs' claims survive dismissal under the legal theories that will be developed in this motion.

## II.  MATERIAL FACTUAL ALLEGATIONS

These are the factual allegations in the instant case Amended Complaint, Docket No. 17, that are relevant to this ADEA cause of action and to the motion to dismiss for lack of jurisdiction and for failure to exhaust administrative remedies.  For purposes of this Motion to Dismiss, these are admitted, organized in chronological order and buttressed with the accurate relevant information of the administrative charges of discrimination filed by Plaintiff Santiago at the EEOC and the ADU, which are attached as Exhibits to this Motion and which are also documents intimately linked to the allegations in the Amended Complaint, Docket No. 17:

1. Plaintiff Juan A. Santiago-Del Valle was born on March 10, 1941.  See Docket No. 17, ¶ 6.

2. Santiago was an employee of RESTAURANT METROPOL 3, INC. from 1988 through December 21, 2013.  See Docket No. 17, ¶ 7.

3.      In the year 2010, Restaurant Metropol 3, Inc unilaterally reduced Santiago¢s weekly hours from 40 down to 20 hours. As part of the change younger employees were given more hours and reassignment of working stations.  As a result of the reduction in hours Santiago filed a claim before the Puerto Rico Labor Department based on age discrimination.  See Docket No. 17, ¶¶11,12, 14.

4.      The first claim filed by Santiago before the Puerto Rico Labor Department Anti-Discrimination Unit (õADUö) was dated **August 8, 2011**; **Charge of Discrimination ADU No. 11-535c/EEOC No. 16H-2011-00727c**, against Restaurant Metropol #3 and Octavio Ravelo; Santiago checked 'Age' under cause of discrimination and alleged that the acts of discrimination took place in õ2009 and now, July 29, 2011ö; in the space provided to write the particulars of the discrimination, Plaintiff wrote: õAttachmentö.  See **Exhibit 1**, Charge of Discrimination ADU No.11-535c/EEOC No. 16H-2011-00727c, page 1;  See Docket No. 17, ¶

5.      The attachment to the 2011 PR-ADU Charge of Discrimination No. 11-535c/EEOC Charge No. 16H-2011-00727c (**Exhibit 1**, page 2) stated that:

   i. The alleged discriminatory acts commenced in year 2009, when his weekly hours began to be reduced. See Un-numbered first paragraph, Exhibit 1, page 2.

   ii. On July 29, he had been notified that, effective July 30, his hours would be reduced to 23 hours a week; See Un-numbered second paragraph, Exhibit 1, page 2.

   iii. Santiago objected this decision, but the supervisor answered, õthis is what we haveö.  Santiago alleged that seniority-wise, he was the fourth employee in the Restaurant Metropol, but all his coworkers enjoyed working schedules of 28 to 44 hours a week. See Un-numbered third paragraph, Exhibit 1, page 2.

   iv. Santiago requested his employer to desist from the discrimination and persecution towards him and to give him back the working hours that he had before or to give him more; he never had an answer to this request and for that reason he filed the discrimination complaint.  See Un-numbered fifth  paragraph, Exhibit 1, page 2.

   v. Santiago alleged that the cause of the discrimination was that he was 70 years old; born on March 10, 1941.  See Un-numbered sixth paragraph, Exhibit 1, page 2.

   vi. Santiago requested back pay, and to cease and desist all discrimination and persecution against him and a compensation for the emotional damages suffered by him and his family.  See Un-numbered seventh paragraph, Exhibit 1, page 2.

4

6.      In less than a month, the PR-ADU proceeded to **dismiss with prejudice** the Charge of Discrimination ADU No.11-535c / EEOC No. 16H-2011-00055, pursuant to an agreement between the parties; ADU notified both parties through letter dated **September 6, 2011**. (**Exhibit 1**, page 3.)

7.      Santiago alleges that Pursuant to the filing of ADU Charge No. 11-535c / EEOC Charge No. 16H-2011-00727c, Defendants were issued a subpoena to appear before the Department of Labor's ADU and as a result, Defendants agreed to immediately increase plaintiff's hours from 20 to 25 hours and before the end of the year would gradually increase the hours to the original 40 hours a week by the end of the year.  However, they did not do it, thus, breaching the agreement. See Docket No. 17, ¶¶ 15,16.

8.      On December 20, 2013, plaintiff was informed along with the rest of the employees, that the RESTAURANT METROPOL 3, INC. would close on December 22, 2013; that starting December 26, 2013, the restaurant would re-open in its new location, 246 FD Roosevelt Ave., San Juan, PR, under the name of Metropol Hato Rey LLC and notwithstanding the corporate reorganization, the employees would receive complete credit for the time of service with the named entity. See Docket No. 17, ¶ 8.

9.      From December 2013, and until his retirement on June 11, 2018, Juan Santiago-Del Valle worked for Metropol Hato Rey, LLC. See Docket No. 17, ¶¶9, 22.

10.     The reorganization performed by defendant was done based solely on the age of plaintiff, as he and other age protected employees had a reduction in hours and reassignment of working stations in favor of younger and less senior employees.  As a result, in the reduction in hours and reassignment of working stations, Santiago's  income decreased substantially, not only did he have a reduction in fixed income from hourly rates, but also a reduction in tips. See Docket No. 17, ¶¶12, 13.

11.     Santiago alleges that during the month of **January 2014**, Santiago, as part of the reduction in hours, was not assigned a sitting area, whereby he had no specific number of tables to service. Prior to moving to the new location, Santiago was assigned 7 tables with a sitting capacity of 30 clients. The

change in working stations was motivated by age discrimination, whereby younger and less senior employees received his tables.  See Docket No. 17, ¶¶18, 19.

12.     As a result of Santiago's complaint to management regarding the sitting chart, he was assigned 3 tables for a sitting capacity of 12.  Thus, Plaintiffs suffered an economic loss because less tables meant less tips. See Docket No. 17, ¶¶18, 19.

13.     Plaintiffs allege that, up until Santiago's retirement from the company Santiago was never reinstated to his full 40 hours work week nor was he reassigned the 7 tables with a sitting capacity of 30 clients that he had before. See Docket No. 17, ¶ 22.

14.     Plaintiffs allege that "Since Mr. Santiago-del Valle filed charges in 2010 and 2011 against his employer, he began to be subjected to a continuous pattern of reprisal and persecution. Examples of the continuous pattern of persecution verbal abuse of name calling, such as "viejo cagao"; "cambiate los pampers", "cuando te vas a retirar, somos el futuro"; "viejo puerco".  The constant verbal abuse suffered by plaintiff was done in many instances before the presence of the employer whom condoned the actions." See Docket No. 17, ¶¶ 23, 24, 25.

15.     On October 28, 2015, Metropol Hato Rey LLC received a Notice of Charge of discrimination under Law 100 of June 30, 1959, as amended and Age Discrimination in Employment Act of 1967 filed by Juan Santiago with the ADU, Charge of Discrimination No. 15-739c and the EEOC Charge No. 16H-2016-0055C.  See Docket No. 17, ¶ 22; and See Notification of Charge of Discrimination ADU No. 15-739c/ EEOC No. 16H-2016-0055C, Exhibit 2, p. 1; See Docket No. 17, ¶ 26.

16.     On **October 27, 2015**, Juan Santiago had filed the next **Charge of Discrimination, ADU No. 15-739c / EEOC No. 16H-2016-0055C**, against Metropol Hato Rey LLC and Reynaldo Vega, checking 'Age' under cause of discrimination.  Plaintiff alleged that the discrimination was a continuing action, the last having occurred on September 2015; in the space provided to write the particulars of the discrimination Plaintiff wrote the following: í   that there was a pattern of discrimination for age (74 years old) against him by Mr. Reynaldo Vega, one of the partners of the restaurant, consisting in

multiple comments, abusive, humiliating, of mistreatment, harassment to him and other employees of older age. **See letter detailing said conduct**. Santiago claimed that this conduct was affecting him and requested that the employer ceased and desisted of such conduct and that they did not take reprisals against him; and that he be guaranteed a discrimination-free work environment and a compensation for mental sufferings and any other benefit to which he had a right under law. See Charge of Discrimination ADU No. 15-739c/ EEOC No. 16H-2016-0055C, Exhibit 2, page 2.

17.     The letter Attached to the Charge of Discrimination ADU No. 15-739c/ EEOC No. 16H-2016-0055C, (Exhibit 2, p. 3) is dated October 20, 2015, signed by Juan Santiago, and details the alleged discriminatory conduct as follows:

  i.   Santiago requested a compensation for the mental and economic damages  caused by Reynaldo Vega for the discriminatory words expressed by him in a meeting with all the employees of Metropol LLC Hato Rey [sic]. See Un-numbered first paragraph, Exhibit 2, page 3.

  ii.  Santiago alleged that Reynaldo Vega and the group of other young employers and employees frequently shout to them (older employees) that they could not give service anymore; that they did not want them there; that when they were going to retire; that if they did not feel ashamed that they were not wanted there; to go and have someone put pampers on them. See Un-numbered third paragraph, Exhibit 2, page 3.

  iii. That Reynaldo Vega said that the vision of Metropol LLC Hato Rey were them, the young people. See Un-numbered fourth paragraph, Exhibit 2, page 3.

  iv.  That Santiago is 74 years old and has his clients that look and wait for him; because he is a professional in all senses, has good percentage of sales; no absences, no tardiness and the young people cannot compare to him; that the clients reject them and look for the old guy that is him, Santiago. See Un-numbered fifth paragraph, Exhibit 2, page 3

18.     On **February 16, 2018**, the EEOC issued and mailed to Santiago the **Right to Sue letter in Charge No. 16H-2016-00055**. In that February 16, 2018 Right to Sue letter, Santiago was notified that the EEOC was closing Charge of Discrimination No. 16H-2016-00055 and Santiago was advised that his lawsuit under ADEA had to be filed in the federal court ōWITHIN 90 days of his receipt  of this Notice.   Otherwise, his right to sue based on the above numbered charge will be lost.ö See EEOC Right

to Sue letter for Charge of Discrimination No. 16H-2016-00055, Exhibit 2, page 4; See Docket No. 17, ¶28.

19.    On May 17, 2017, Santiago filed at the EEOC Charge of Discrimination No. 515-**2017**-000554, against Metropol Hato Rey LLC, checking 'Age' under cause of discrimination and alleging that the discrimination was a continuing action from June 1, 2010 to May 17, 2017; in the space provided to write the particulars of the discrimination Plaintiff wrote the following: That in 2010 his work schedule had been reduced from 40 hours a week to 22 hours a week; that the employer had said that they would increases the weekly amount of hours, and did so, but only to twenty-five ; while the younger employees that have less seniority work more hours than him , including 40 hours a week.  (**See document attached**.)  I have claim to the employer regarding the disparate treatment and they have not given me an answer;  Santiago understood that, in violation to ADEA, he had been discriminated because he was then 76 years old.   See EEOC Charge of Discrimination No. 515-2017-000554, **Exhibit 3**, page 1; See Docket No. 17, ¶ 27.

20.    The document attached ( Exhibit 3, p. 2) to EEOC Charge of Discrimination No. 515-2017-000554, was signed by Santiago and stated the following:

   i.  Hour reduction from 40 hours to 22 hours; from full-time to part-time without considering the seniority. See Un-numbered first paragraph, Exhibit 3, p.  2.

   ii. That after discussing the reason for the reduction of hours with the manager and the president, Christian Ravelo, the answer was ötake it or leave itö; See Un-numbered second paragraph, Exhibit 3, p. 2.

   iii. That Santiago filed the age discrimination charge because age is the only reason to reduce his working hours.  See  Un-numbered third paragraph, Exhibit 3, p. 2.

   iv. That when Metropol received the ADU charge of discrimination, Reynaldo Vega summoned him and asked him why he was filing a complaint and he told him that Mr. Christian Ravelo had reduced his 40 hours weekly schedule. That Reynaldo answered öLet me have a meeting with the youngsters and we will see.  See Un-numbered paragraph four and five, Exhibit 3, p. 2.

   v. That after the meeting they accepted to give Santiago twenty five hours and gradually increase the hours but to that date they had not honored their agreement.  Thus, Santiago requested the UAD and Miriam Costa to Metropol LLC and Metropol 3, Inc. the payment of the difference up to

forty (40) hours for not complying with the agreement promised by Reynaldo Vega, and his partners Christian Ravelo and Alex Ravelo.  See Un-numbered paragraph six, Exhibit 3, page 2.

21.    On April 9, 2018, the EEOC issued a Right to Sue letter in EEOC Charge of Discrimination, No. 515-2017-000554. See Exhibit 3, p. 3, EEOC Right to Sue letter in  EEOC Charge of Discrimination, No. 515-2017-000554;  See Docket No. 17, ¶30.

22.    Once more, on the April 9, 2018, Right to Sue letter, the EEOC notified Santiago the closing Charge of Discrimination No. 515-2017-00554 and was advised that his lawsuit under ADEA had to be filed in the federal court õWITHIN 90 days of his receipt of this Notice. Otherwise his right to sue based on the above numbered charge will be lost.ö See Exhibit 3, p. 3, EEOC Charge of Discrimination No. 515-2017-000554 Right to Sue letter.

## III.    LEGAL STANDARD

Under Rule12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction and/or for failure to state a claim upon which relief can be granted.  *Benítez-Navarro v. González-Aponte*, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). Rule 12(b)(1) of the Federal Rules of Civil Procedure requires a court to dismiss a case for lack of subject-matter jurisdiction. FED. R. CIV. P.12(b)(1). "The district courts of the United States are ÷courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.ø" *In re Olympic Mills Corp.,* 477 F.3d 1, 6 (1st Cir. 2007) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). One of these statutes is the ADEA which õmandate[s] `compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.'" *Alicea v. Ondeo de P.R.*, 389 F.Supp.2d 269, 274 (D.P.R.2005) (citing *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir.1999)). A plaintiff invoking the court's subject matter jurisdiction "must allege in his pleadings the facts essential to show jurisdiction" and, if challenged, must support those allegations by a preponderance of the evidence. See *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted).  When ruling on a motion to dismiss the "court must

9

accept the complaint's **well-pleaded facts** as true and indulge all reasonable inferences in the plaintiff's favor." *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary" for the action. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). Taken together, the facts pleaded, and all reasonable inferences that may be drawn therefrom, must "state a plausible, not a merely conceivable, case for relief." *Ocasio-Hernández*, 640 F.3d at 12.

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief." *Martínez-Díaz v. Doe*, 683 F. Supp. 2d 171, 173 (D.P.R. 2010).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." *Quirós v. Muñoz*, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949. **Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.**" Id., at 1950. [1]

As this Honorable Court stated in its Opinion and Order in *Cintron-Garcia v. Supermercado ECONO, Inc.,* 818 F.Supp.2d 500 (D.P.R. 2011) at p. 506: ʺOrdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the Plaintiff' claim; or for documents sufficiently referred to in the complaint.'" *Alt. Energy, Inc.*, 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). **A plaintiff's administrative charge filed with the EEOC or the ADU "may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice."** Maldonado-Cordero v. A T & T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999) (citing *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986)). Therefore, the court will consider Plaintiff's administrative charge without converting the motion to dismiss into a motion for summary judgment. See *Barber v. Verizon New England, Inc.*, 2005 WL 3479834 at *1 n.1 (D.R.I. Dec. 20, 2005) ("While a court deciding a Rule 12(b)(6) motion is normally constrained to consider only the plaintiff's complaint, a court may nonetheless take into account a document whose contents are linked to the complaint . . . such as a charge of discrimination filed with the [EEOC], without converting the motion into a summary judgment request.") (citing *Beddall v. State St.Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998))ʺ.

---

[1] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'-'that the pleader is entitled to relief'." Id. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." *Martínez-Díaz v. Doe*, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51.)

Therefore, according to this Court's opinion and order in *Cintron-Garcia*, supra, Plaintiff Santiago's administrative charges filed with the EEOC and/or the ADU may be considered, either as a matter referenced in the complaint or as a public record subject to judicial notice, without converting the motion to dismiss into a motion for summary judgment.  In the alternative, Defendants request that the instant motion to dismiss be converted into a motion for summary judgment.

## IV.    APPLICABLE LAW AND ARGUMENTS

### Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621 et seq

**a.    Individual Liability**

For starters, controlling precedent in the Circuit holds that there is no individual liability under ADEA.  In the instant case summons were issued as to Metropol Hato Rey LLC, Restaurant Metropol 3 INC., , Octavio Ravelo, Myriam Canosa-De Ravelo, Conjugal Partnership Ravelo-Canosa, Alexandro J. Ravelo-Canosa, Christian D. Ravelo-Canosa, Conjugal Partnership Ravelo-Doe, Reynaldo Vega Santiago, Conjugal Partnership Vega-Doe.  However, Appearing Defendants continue to be the only Defendants that have been served with summons in this case.  Moreover, the Amended Complaint (Docket No. 17) does not mention any defendant in his/her personal capacity among the parties to the case.  Defendants posit that plaintiffs' only course of redress in the Federal Court for their claims of discrimination in the workplace are found in the ADEA that only permits a single defendant in this case, that is, Santiago's employer, METROPOL HATO REY, LLC. (See Complaint, Docket 1, ¶18).

Indeed, there is no individual liability under the ADEA, as only the employer is liable for the acts of its agents. See *Correa-Ruiz v. Calderon-Sierra*, 411 F. Supp. 2d 41, 47 (D.P.R. 2005); see also *Vizcarrondo v. Bd. Of Trustees*, 139 F. Supp. 2d 198, 205 (D.P.R. 2001); see also *Rodriguez v. Puerto Rico Marine Mgmt., In.*, 975 F. Supp. 115, 120 (D.P.R. 1997); see also *Moreno v. John Crane*, 963 F. Supp. 72, 76-77 (D.P.R. 1997).  Accordingly, Plaintiff's claims under ADEA, against the co-defendant Octavio Ravelo in his individual capacity and his conjugal partnership must be **DISMISSED with prejudice**.

**b.**   **Most or all of the allegations in the complaint must be dismissed as time-barred because Plaintiff did not comply with the administrative exhaustion of the EEOC proceedings**

"The ADEA [] mandate[s] `compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.'" *Alicea v. Ondeo de P.R.*, 389 F.Supp.2d 269, 274 (D.P.R.2005) (citing *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir.1999)). A plaintiff invoking the court's subject matter jurisdiction "must allege in his pleadings the facts essential to show jurisdiction" and, **if challenged, must support those allegations by a preponderance of the evidence**. See *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted); *see United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Thus, **an employment-discrimination plaintiff must "plead and show" exhaustion of administrative remedies**. See *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002).

Pursuant to its rulemaking authority under 42 U.S.C. § 2000e-16(b), the EEOC has promulgated regulations encompassing a highly structured set of steps that must be taken by the agency and the aggrieved party as the complaint process proceeds. *Velázquez-Ortíz v. Vilsack*, 657 F.3d 64, 71 (1st Cir. 2011). This process requires the complainant to file a complaint containing a statement describing generally the actions that form the basis of it. *Ramos*, 120 F.Supp.3d at 103; *Velázquez*, 657 F.3d at 71.

Under Title VII, Title I of the ADA, and the ADEA a plaintiff must file an employment discrimination charge with the EEOC **within 300 days of the alleged discrimination**. See 42 U.S.C.A. § 2000e; *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 n.4 (1st Cir. 2003); *Cintrón-García v. Supermercados Econo*, 818 F. Supp. 2d 500, 506-507 (D.P.R. 2011); *Ramos v.Vizcarrondo*, 120 F.Supp.3d 93, 103 (D.P.R.2015) (citing *Rivera-Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 21 (1st Cir.2001) abrogated on other grounds by *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ). To be specific, a plaintiff must õfirst file an administrative charge with the EEOC withiní 300 days, after the discrimination complained of, and the **lawsuit be brought within an even shorter period of ninety days after notice that the administrative charge is**

dismissed, and the agency issues a right-to-sue letter.ö *Cintron-Garcia v. Supermercados Econo, Inc.,* supra, pg. 507 (D.P.R. 2011)(citing,42 U.S.C. § 2000e-5(f)(1)), and *Clockedile v. New Hampshire Dept. of Corrections,* 245 F.3d 1, 3 (1st Cir. 2001).[2]   Despite occasional references to "jurisdiction," this is basically an exhaustion requirement coupled with a short statute of limitations both on complaining to the agency and on filing the subsequent court case. Id. (citing Zipes, 455 U.S. at 393-95 n.12.) Thus, exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency. See *Jorge v. Rumsfeld,* 404 F.3d 556, 564 (1st Cir 2005); *Cintron-García,* at page 7.

In *Bonilla v. Muebles J.J. Alvarez, Inc.*, supra, the First Circuit held that the ADA (as well as ADEA) mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, and that, **absent special circumstances** (not present here), **such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA**. Accord *Dao v Auchan Hypermarket*, 96 F3d 787, 789 (5th Cir 1996); *Stewart v County of Brown*, 86 F3d 107, 111 (7th Cir 1996); *McSherry v Trans World Airlines, Inc*, 81 F3d 739, 740 n3 (8th Cir 1996).

The First Circuit stated that a claimant who seeks to recover for an asserted violation of ADA, Title VII, (or ADEA), first must exhaust administrative remedies í    **This omission, if unexcused, bars the courthouse door**, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of suit.  See, e.g., *McDonnell Douglas Corp. v Green*, 411 US 792, 798 (1973); *Seymore v Shawver & Sons, Inc.,* 111 F3d 794, 799 (10th Cir), cert denied, 118 S Ct 342

---

[2] Regarding this last requirement, Courts have stressed that ö[o]nly upon issuance of a right-to-sue notice will a claimant be deemed to have exhausted administrative remedies in order to be able to file a civil action, and this he may do within ninety days of receipt of such notice." See United States v. Municipio de Vega Alta, 244 F.R.D. 118, 123 (D.P.R. 2007) (quoting Perez-Cordero v. Wal-Mart PR, Inc., 235 F.Supp.2d 95, 101 (D.P.R. 2002)). Accord, Franceschi, 514 F.3d at 85 (öAdministrative remedies could not be considered to have been exhausted, however, until the EEOC issued Franceschi a right-to-sue letter.ö) (citing 42 U.S.C. § 2000e-5(f)(1). Thus, a plaintiff cannot file suit until the issuance of the notice of right to sue letter, and the bar applies and requires dismissal of an action filed prior to receiving a right-to-sue letter even when a plaintiff obtains the notice of right-to-sue letter after the Complaint has been filed. See, Martinez-Rivera v. P.R., 2011 U.S. Dist. LEXIS 134694, pg. *19 (D.P.R. 2011) (Dismissing complaint against a defendant even though plaintiff secured the right to sue letter after the complaint was filed).

(1997); *Cheek v Western & S Life Ins Co*, 31 F3d 497, 500 (7th Cir 1994); see also, *Dao*, 96 F3d at 788-89 (applying Title VII's charge-filing requirement in the ADA context); *Stewart*, 86 F3d at 110-11.

As this Honorable Court stated in its Opinion and Order in *Cintron-Garcia v. Supermercado ECONO, Inc.*, supra at p. 509 : õTitle VII's exhaustion requirement is subject to equitable exceptions. See *Bonilla v.Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999). However, the First Circuit has warned that "**the federal standard reserves equitable tolling for exceptional cases.**" Id. at 279. "[E]quitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control (such as when her employer actively misleads her, and she relies on that misconduct to her detriment)." Id., at 279. Cases in which the equitable tolling doctrine is invoked are most often characterized by some affirmative misconduct by the party against whom it is employed, such as an employer or an administrative agency. Courts generally weigh five factors in assessing claims for equitable tolling: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Kelley v. N.L.R.B,* 79 F.3d 1238, 1248 (1st Cir. 1996). *Neves v. Holder*, 613 F.3d 30, 36 n. 5 (1st Cir. 2010).õ

Appearing Defendants respectfully understand that the instant case is not an exceptional case where equitable tolling applies, especially when, in the instant case, Santiago did not bring forth sufficient factual evidence to "plead and show" neither exhaustion of the administrative procedures nor special circumstances to excuse compliance with the 90-day period to file a complaint in federal court after he received the . Such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of ADEA.

As this Honorable Court stated in its Opinion and Order in *Cintron-Garcia v. Supermercado ECONO, Inc.*, supra, at pp. 507-508: õ**An employee who fails to bring a complaint in federal court following receipt of a right-to-sue letter within the time period allowed under Title VII is barred**

15

from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right-to-sue letter reference the earlier acts. See *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 n. 2 (8th Cir. 2000) (refusing to consider an adverse employment action stemming from an earlier EEOC complaint where complainant did not file suit within ninety days of the prior EEOC decision). In *Brown v. Mead, 646 F.2d 1163, 1164* (6th Cir. 1981), the Sixth Circuit held that "a plaintiff in a Title VII action, who received two successive, facially valid right-to-sue notices from the [EEOC], but who did not commence a suit in a district court within ninety days of receipt of the first notice, is precluded from proceeding under the second notice." The Sixth Circuit reached such conclusion even though the first-issued right-to-sue letter later turned out to be in error and was followed by the second letter with an admission by the EEOC to that effect.

1.  **Charge of Discrimination ADU No. 11-535c / EEOC No. 16H-2011-00055**

As aforementioned, Defendants posit that most of the allegations in the complaint regarding discriminatory action from 2010 to 2011, must be dismissed as time-barred because Plaintiffs did not timely comply with the requirements of the administrative exhaustion of the proceedings in the Anti-Discrimination Unit of the Commonwealth of Puerto Rico Department of Labor ("PR-ADU") and the Equal Employment Opportunity Commission (EEOC) since, pursuant to an agreement between the parties, Santiago filed at the PR-UAD for a voluntary dismissal of his 2011 Charge of Discrimination UAD No. 11-535c / EEOC No. 16H-2011-00055, and his charge was dismissed with prejudice through letter dated September 6, 2011.  According to the work-sharing agreement between the ADU and the EEOC, **a charge filed with the ADU is also considered filed with the EEOC**. Title VII charges filed with the Commonwealth are considered dual-filed, and vice versa. *Cintron-Garcia v. Supermercado ECONO, Inc.*, supra, at page 509, citing *Lopez–Machin v. Indupro*, 668 F.Supp.2d 320, 325 (D.P.R.2009) (citations omitted).

As alleged in the Amended Complaint, Santiago, in the year 2010, Restaurant Metropol 3, Inc unilaterally reduced Santiago's weekly hours from 40 down to 20 hours. As a result of the reduction in

hours, Santiago filed a claim before the Puerto Rico Labor Department based on age discrimination.  See MFA #3.  As the document shows, the first age discrimination claim filed by Santiago before the ADU was dated **August 8, 2011**; Charge No. 11-535c / EEOC No. 16H-2011-00727c. (Exhibit 1, pp. 1-3) See MFA #4-7.  Santiago's 2011 discrimination charge was against Restaurant Metropol #3 and Octavio Ravelo and alleged that the acts of discrimination took place in "**2009 and now, July 29, 2011**". (Exhibit 1, p.1) See MFA #4. It is clear that with this complaint Santiago had the intention to cover all discriminatory acts from 2009 to July 29, 2011.  The attachment to the 2011 Charge of Discrimination PR-ADU No.11-535c/EEOC No. 16H-2011-00727c (Exhibit 1, p. 2) further alleged that Santiago's hours had been reduced to 23 hours a week while his coworkers worked schedules of 28 to 44 hours a week. See MFA #5, Items (ii) and (iii).

With the intervention of the UAD, in less than a month, the PR-ADU proceeded to **DISMISS WITH PREJUDICE** the Charge of Discrimination ADU No.11-535c / EEOC No. 16H-2011-00055, **pursuant to an agreement between the parties**; the ADU notified both parties through letter dated September 6, 2011. (Exhibit 1, p. 2) See MFA # 6,7.   In the Amended Complaint Santiago alleges that pursuant to the filing of  the 2011 Charge, Defendants were issued a subpoena to appear before the Department of Labor's ADU and as a result, Defendants agreed to immediately increase plaintiff's hours from 20 to 25 hours and before the end of the year would gradually increase the hours to the original 40 hours a week by the end of the year but they did not do it, thus, breaching the agreement. See MFA # 7. Notwithstanding, Santiago **did not** return to the ADU or EEOC, to timely claim this breach of the settlement agreement or the "discriminatory reduction of working hours claim" but until May 17, 2017, when he filed EEOC Charge of Discrimination No. 515-2017-000554 (Exhibit 3, p. 1) See MFA #19-20.

Since Santiago filed for a voluntary dismissal of his 2011 Charge of Discrimination ADU No. 11-535c / EEOC No. 16H-2011-00055 and the ADU proceeded to DISMISS WITH PREJUDICE that Charge of Discrimination on September 6, 2011, pursuant to an agreement between the parties, Santiago never received a Right-to-Sue letter and loss his right to sue at the Federal Court, based on the 2009-

2011 acts of discrimination that he had alleged in this 2011 charge of discrimination.   Therefore,  all the claims in the Amended Complaint (to wit, Docket 17, ¶¶ 11, 12, 14, 15, 16, 17) that are based on the 2009-2011 acts of discrimination of Santiago 2011 Charge of Discrimination ADU No. 11-535c / EEOC No. 16H-2011-00055 must be dismissed as time-barred because Plaintiffs did not comply with the requirements of the administrative exhaustion of the proceedings in the "PR-ADU" or the EEOC.

**2. Charge of Discrimination ADU No. 15-739c; EEOC No. 16H-2016-00055c**

As alleged in the Amended Complaint, Docket No. 17, ¶26, Santiago filed the Charge of Discrimination ADU No. 15-739c; EEOC Charge No. 16H-2016-00055, against METROPOL HATO REY LLC. (Exh. 2, p.1) See MFA #15. This Charge of Discrimination was filed on **October 27, 2015**, against Metropol Hato Rey LLC, checking 'Age' under cause of discrimination.  On the face of the Charge, Plaintiff alleged that the discrimination was a continuing action, the last act having occurred on September 2015; and in the space provided to write the particulars of the discrimination, Plaintiff wrote among other things, the following: í   that there was a pattern of discrimination for age against him by Mr. Reynaldo Vega, consisting on multiple comments, abusive, humiliating, of mistreatment, harassment to him and other employees of  older age. See letter detailing said conduct.  (Exh. 2, p. 2) See MFA #16.  In the October 20, 2015, letter, signed by Santiago, detailing said conduct, Santiago alleged, among other things, that Reynaldo Vega and the group of youngsters (employers and employees) frequently shout to them (older employees) that they could not give service anymore; that they did not want them there; asked when they were going to retire; asked if they did not feel ashamed; that they were not wanted there; to go and have someone put pampers on them; and that Reynaldo Vega said that the vision of Metropol LLC Hato Rey were them, the young people. Exh. 2, p. 3. See MFA #17, Items (ii) and (iii).  On February 16, 2018, the EEOC issued and mailed to Santiago the Right to Sue letter in Charge No. 16H-2016-00055, notifying Santiago that the EEOC was closing Charge of Discrimination No. 16H-2016-00055 and clearly advising Santiago that his lawsuit under ADEA had to be filed in the federal court ōWITHIN 90 days of his receipt  of this Notice.  Otherwise, his right to sue

based on the above numbered charge will be lost.ö Exhibit 2, p. 4; Docket No. 17, ¶28.  See MFA #18.
This 90-day period elapsed on **May 17, 2018** and there is no evidence that Santiago did file a law suit at
the federal court within 90-days of his receipt of this notice.  Since Santiago failed to file a law suit at
the federal court within 90-days of the Right to Sue Letter in the Charge of Discrimination No. 16H-
2016-00055, Santiago loss his right to sue METROPOL HATO REY LLC and Reynaldo Vega based on
Charge of Discrimination No. 16H-2016-00055, for all the acts of age discrimination that are based on
the 2015 Charge of Discrimination and occurred within the 300-day period prior to **October 27, 2015**.

Therefore,  all the claims in the Amended Complaint (to wit, Docket No. 17, ¶¶23, 24, 25 See
MFA #14) that are based on all the acts of age discrimination that Santiago alleged in the 2015 Charge
of Discrimination and occurred within the 300-day period prior to October 27, 2015, that is less than a
year before, against METROPOL HATO REY LLC and Reynaldo Vega must be DISMISSED WITH
PREJUDICE as time-barred because Plaintiffs did not comply with the requirements of the
administrative exhaustion of the proceedings in the "PR-ADU" or the EEOC by timely filing a
Complaint in the federal court öWITHIN 90 days of his receipt of THE Right to Sue Letter.

This is not a case in which a claimant has received inadequate notice, see *Gates v Georgia-Pacific
Corp*, 492 F2d 292 (CA9 1974); or where a motion for appointment of counsel is pending and equity
would justify tolling the statutory period until the motion is acted upon, see *Harris v Walgreen's
Distribution Center*, 456 F2d 588 (CA6 1972); or where the court has led the plaintiff to believe that she
had done everything required of her, see *Carlile v South Routt School District RE 3-J*, 652 F2d 981
(CA10 1981).  Nor is this a case where affirmative misconduct on the part of a defendant lulled the
plaintiff into inaction. See *Villasenor v. Lockheed Aircraft, Corp*, 640 F2d 207 (CA9 1981); *Wilkerson v
Siegfried Insurance Agency, Inc*, 621 F2d 1042 (CA10 1980); *Leake v University of Cincinnati*, 605 F2d
255 (CA6 1979). The simple fact is that the EEOC issued and mailed to Santiago a Right to Sue letter in
Charge No. 16H-2016-00055; that in the February 16, 2018 Right to Sue letter, Santiago was notified
that the EEOC was closing Charge of Discrimination No. 16H-2016-00055 and that his lawsuit under

ADEA had to be filed in the federal court ōWITHIN 90 days of his receipt of this Notice.   Otherwise, his right to sue based on the above numbered charge will be lost.ö One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.  As aforementioned, equitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond his/her control such as when his/her employer actively misleads a complainant, and he/she relies on that misconduct to his/her detriment; cases in which the equitable tolling doctrine is invoked are most often characterized by some affirmative misconduct by the party against whom it is employed, such as an employer or an administrative agency; and this is not that case.

Furthermore, all the allegations in the Amended Complaint, (to wit, Docket No. 17, ¶¶ 18, 19, 20, 21, 22 (See MFA #11, 12) regarding discriminatory acts that allegedly occurred in 2014-2015 (like, reduction of hours and less assignment of tables) were not included in the Charge of Discrimination ADU No. 15-739c; EEOC No. 16H-2016-00055c filed on October 27, 2015, and must also be dismissed as time barred because, under Title VII and the ADEA, a plaintiff must file an employment discrimination charge with the EEOC within 300 days of the alleged discrimination. To be specific, controlling precedents establish that a plaintiff must ōfirst file an administrative charge with the EEOC withiní 300 days, after the discrimination complained of, and the lawsuit be brought within an even shorter period of ninety days after notice that the administrative charge is dismissed, and the agency issues a right-to-sue letter.ö This is the exhaustion requirement coupled with a short statute of limitations, both, on complaining to the agency and on filing the subsequent court case.

Therefore, since the allegations in the Amended Complaint, Docket No. 17, ¶¶ 18, 19, 20, 21, 22, were not included and are not related to the allegations in the Charge of Discrimination ADU No. 15-739c; EEOC No. 16H-2016-00055c filed on October 27, 2015, they must also be **DISMISSED WITH PREJUDICE** as time barred because Plaintiffs did not timely comply with the requirements of the administrative exhaustion of the proceedings at the PR-ADU and the EEOC by timely filing an employment discrimination charge with the EEOC within 300 days of the alleged discrimination.

3.        **EEOC Charge of Discrimination, No. 515-2017-000554**

Defendants aver that Santiago timely filed the instant ADEA Complaint on July 9, 2018, within the ninety (90) day period of receiving the April 9, 2018, Right to Sue letter in EEOC Charge of Discrimination, No. 515-2017-000554 (Exhibit 3, p. 3). See MFA #21,22.  Thus, Santiago preserved his right to sue METROPOL HATO REY, LLC based on the above numbered charge, only for acts of age discrimination **that occurred within the 300-day period prior to** the date of filing of said Charge of Discrimination, No. 515-2017-000554 on **May 17, 2017**.

However, on May 17, 2017, Santiago filed at the EEOC Charge of Discrimination No. 515-2017-000554, against Metropol Hato Rey LLC, checking 'Age' under cause of discrimination and alleging that the discrimination was a continuing action from **June 1, 2010** to **May 17, 2017**; and in the space provided to write the particulars of the discrimination Plaintiff wrote that in **2010** his work schedule had been reduced from 40 hours a week to 22 hours a week; that the employer had said that they would increase the weekly amount of hours, and did so, but only to twenty-five; while the younger employees that have less seniority work more hours than him, including 40 hours a week (Exhibit 3, p. 1) See MFA #19.   The document attached to the EEOC Charge of Discrimination No. 515-2017-000554 ( Exhibit 3, p. 2) also informed about (MFA #20 i.) the reduction of hours from 40 to 20 without considering seniority; (MFA #20 ii.) that after discussing the reason for the reduction of hours with the supervisor the answer was õtake it or leave itö;  (MFA #20 ii.) and that after the meeting with the ADU, Metropol accepted to give Santiago, twenty five working hours a week and gradually increase the hours, but that to that date (2017) they had not honored their agreement.

As this Honorable Court may have already noticed, the allegations in the EEOC Charge of Discrimination No. 515-2017-000554 above are the same allegations raised by Santiago in his August 8, 2011; Charge of Age Discrimination ADU No. 11-535c/EEOC No. 16H-2011-00727c, against Restaurant Metropol #3.

This Honorable Court has seen how the 2010-2011 allegations pertaining to 2011 Charge of Discrimination ADU No. 11-535c / EEOC No. 16H-2011-00055 must be dismissed with prejudice because Plaintiff did not comply with the requirements of the administrative exhaustion of the proceedings in the PR-ADU or the EEOC since the ADU dismissed with prejudice the 2011 Charge of Discrimination, on September 6, 2011, pursuant to an agreement between the parties.

This Honorable Court has also seen how all the claims in the Amended Complaint (to wit, Docket No. 17, ¶¶23, 24, 25 See MFA #14) that are based on all the acts of age discrimination that Santiago alleged in the Charge of Discrimination ADU No. 15-739c; EEOC No. 16H-2016-00055c must also be DISMISSED WITH PREJUDICE as time-barred because Plaintiffs did not comply with the requirements of the administrative exhaustion of the proceedings in the PR-ADU or the EEOC by timely filing a Complaint in the federal court ōWITHIN 90 days of his receipt of THE Right to Sue Letter.

Furthermore, all the allegations in the Amended Complaint, (to wit, Docket No. 17, ¶¶ 18, 19, 20, 21, 22 (See MFA #11, 12) regarding discriminatory acts that allegedly occurred in 2014-2015 (like, reduction of hours and less assignment of tables) were not included in the Charge of Discrimination ADU No. 15-739c; EEOC No. 16H-2016-00055c filed on October 27, 2015, and must also be DISMISSED WITH PREJUDICE as time barred because Plaintiffs did not timely comply with the requirements of the administrative exhaustion of the proceedings at the PR-ADU and the EEOC by timely filing an employment discrimination charge with the EEOC within 300 days of the alleged discrimination.

Now, the same claims of the 2011 Charge of Discrimination, alleged for a second time in the EEOC Charge of Discrimination No. 515-2017-000554 must be DISMISSED WITH PREJUDICE because Plaintiff loss his opportunity in 2011 when he voluntarily dismissed his Charge of Discrimination and also because Plaintiffōs 2017 Charge of Discrimination would only cover acts of discrimination that occurred within **300 days** of the filing of on May 17, 2017.  From 2010 to 2017, seven (7) years have passed by.  Therefore,  all the claims in the Amended Complaint (to wit, Docket

17, ¶¶ 11, 12, 13, 14, 15, 16, 17) that are based on the 2009-2011 acts of discrimination are time barred and cannot be relitigated in the EEOC Charge of Discrimination No. 515-2017-000554.

In *Vázquez-Robles v. CommoLoco, Inc.*, 186 F.Supp.3d 138, (2016), citing *Peralta v. Rockefeller Univ.*, 328 Fed.Appx. 717, 718 (2d Cir.2009) (citing McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 214 (2d Cir.2006) ) (holding that claims are "time-barred where an employee withdrew a timely-filed charge with the EEOC and then filed a second, untimely charge, in connection with which a right-to-sue letter was issued"), the PR District Court found that, since Vazquez had initially filed a timely charge of discrimination on September 1, 2010, but she withdrew that charge and never received a right-to-sue letter. When she filed a second charge, for which she received a right-to-sue letter, more than 300 days after the discriminatory act, her claim would generally be time-barred.[3]

Moreover, in the instant case, the PR-ADU proceeded to DISMISS WITH PREJUDICE the Charge of Discrimination No.11-535c / No. 16H-2011-00055, clearly stating that it was pursuant to an agreement between the parties and PR-ADU notified both parties through letter dated September 6, 2011.  If the Plaintiff was not in agreement with the dismissal with prejudice, he should have timely request reconsideration of the dismissal with prejudice and he did not do it.  Thus, the effects of the dismissal with prejudice issued by the PR-ADU must be evaluated under the Res Judicata standards. For starters, "[a] voluntary dismissal with prejudice is considered a ═final and unappealableø judgment under Puerto Rico law." BarretoóRosa, 470 F.3d at 45ó46 (citing Medina v. Chase Manhattan Bank, 737 F.2d 140, 142 1st Cir.1984 ). Moreover, "under Puerto Rico law a voluntary dismissal with prejudice is an adjudication on the merits [that] bars a party from relitigating the same cause of action." *Calderon Rosado v.General Electric Circuit Breakers, Inc.,* 805 F.2d 1085, 1086 (1st Cir.1986) (citing *Medina*,

---

[3] On September 5, 2014, in *Castro-Mendré v. Humana,* Civil No. 12-1946(JAF) the PR District Court determined that Plaintiff had voluntarily dismissed the charge of discrimination filed before the EEOC and the ADU on January 31, 2012 and the charge had been closed and dismissed with prejudice on February 6, 2012. Castro-Mendré filed anew on October 4, 2012. In this EEOC filing, the only one where she obtained a right to sue, Castro-Mendré listed the earliest act of alleged discrimination as having occurred on March 2, 2011, and the latest on May 20, 2012. Therefore, the allegations in her complaint, all of which occurred in 2010-were more than one year in the past and, as such, Castro-Mendré's sexual discrimination claim is time-barred.

supra). Accordingly, the ADU's dismissal with prejudice was final, unappealable, and on the merits. See *Camacho López v. Capitolio*, 126 F.Supp.3d 249 (2015) Because Plaintiff's two administrative ADU/EEOC complaints both complain about the same decision to reduce Plaintiff's hours in for virtually the same reasons, they share the requisite identity of thing and cause. See *Baez–Cruz v. Municipality of Comerio*, 140 F.3d 24, 30 (1st Cir.1998) (holding that a Puerto Rico administrative proceeding and a federal district court case shared the requisite identity because both focused on the plaintiff's claims that she had been wrongfully terminated from her job).  Res judicata and collateral estoppel, thus, clearly apply to preclude the current litigation in the federal court of Plaintiff's claims, relying on the 2009-2011 acts of discrimination alleged in the EEOC charge of discrimination filed on May 17, 2017.

Defendants most respectfully understand that the entirety of Plaintiffs'Amended Complaint against METROPOL HATO REY LLC and all other co-defendants must be DISMISSED WITH PREJUDICE, because in his Complaint Plaintiff Santiago failed to state an age discrimination claim upon which relief can be granted.

c.    **The Court should decline to exercise supplemental jurisdiction for the Commonwealth law claims in the absence of any actionable federal claims**

Moreover, Appearing Defendants request that this Honorable Court, in the exercise of its discretion,  decline to exercise supplemental jurisdiction for all claims brought under local law in the absence of federal claims; See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all Federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims."); *González-De-Blasini v. Family Dept.*, 377 F.3d 81, 89 (1st Cir. 2004) (stating that a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction"). 13D Charles Alan

Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure ("Wright & Miller") § 3567.3 (3d ed. 2010) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial.")

WHEREFORE, Appearing Defendants respectfully request this Honorable Court to DISMISS WITH PREJUDICE Plaintiff's Amended Complaint against Appearing Defendant in its entirety, for lack of exhaustion of administrative procedures, lack of federal subject-matter jurisdiction and/or failure to state a claim upon which relief can be granted.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the court's CM/ECF System, which will simultaneously serve notice on all counsel of record, to their registered e-mail addresses. Plaintiffs will be served via regular mail to their address, PO Box 8775, San Juan, Puerto Rico 00910-0775.

In San Juan, Puerto Rico, this 5th day of September 2018.

**FACCIO & PABON ROCA**
P.O. Box 11397
Fernández Juncos Station
San Juan, PR 00910-2497
Urb. Hyde Park, 249 Las Marías
San Juan, PR 00927
Tel. 787-764-1800/Fax 787-777-0737

**S/LUIS PABON ROCA**
**LUIS E. PABON ROCA**
USDC-PR 210101
lpabonroca@microjuris.com

**S/ Clarisa Solá Gómez**
Clarisa Solá Gómez
USDC-PR 210504
clarisasola@hotmail.com

25