# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. SANTIAGO DEL VALLE AND HIS WIFE CÁNDIDA SANTOS DE SANTIAGO, AND THEIR LEGAL CONJUGAL PARTNERSHIP<br><br>Plaintiffs,<br><br>v.<br><br>METROPOL HATO REY, LLC; RESTAURANTE METROPOL 3, INC.; OCTAVIO RAVELO, ET ALS.<br><br>Defendants. | CIVIL NO. 18-1464 (GAG) |

## OPINION AND ORDER

On July 9, 2018, Juan A. Santiago Del Valle ("Plaintiff Santiago"), his wife, Cándida Santos de Santiago, and their Legal Conjugal Partnership filed suit against Metropol Hato Rey, LLC and Restaurante Metropol 3, Inc. (Docket No. 17). Plaintiff Santiago claims that he suffered an adverse employment action as a result of Defendants discrimination on the basis of age and thus seeks to hold Defendants liable under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.* Plaintiffs also invoke the Court's supplemental jurisdiction to bring claims under Puerto Rico Law 100 of June 30, 1959, as amended, P.R. LAWS ANN. tit, 29 §§ 146, *et seq.,* and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit., 31 §§ 5141 and 5142. (Docket No. 17).

Before the Court is Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and (6). (Docket No. 18). Essentially, Defendants argue that Plaintiffs' complaint must be dismissed as time-barred for Plaintiffs did not exhaust administrative remedies as required by

**Civil No. 18-1464 (GAG)**

the Anti-Discrimination Unit of the Commonwealth of Puerto Rico Department of Labor ("PR-ADU") and the Equal Employment Opportunity Commission ("EEOC"). Id. Consequently, Defendants state that the Court lacks subject matter jurisdiction and Plaintiffs' claims should be dismissed. Id.

After careful review of the parties' submissions and pertinent law, the Court **GRANTS in part and DENIES in part** Defendants motion to dismiss at Docket No. 18.

I. **Relevant Factual Background**

At the time the Complaint was filed, Plaintiff Santiago was an employee of restaurant Metropol Hato Rey, LLC ("Metropol HR"). (Docket No. 17, ¶9). He had previously been an employee of Restaurant Metropol 3, Inc. ("Metropol 3") from 1988 through December 21, 2013. Id., ¶7.

Plaintiff Santiago filed discrimination charges against Defendants with the PR-ADU and the EEOC for age discrimination and employment harassment. The complaint alleges acts of discrimination from 2010-2013 and seeks, in turn, damages from Defendants. (Docket No. 17). Claims included reduction of working hours from forty (40) to twenty (20) hours and of work station assignments with less seating space for customers than working stations assigned to younger employees with less seniority. Id., ¶11-12. Plaintiff alleged that Defendants discriminatory acts resulted in less income due to a decrease in the amount of tips. Id. Plaintiff Santiago also alleges verbal abuse directed at him in front of management, and that no action was taken to cease the alleged abusive conduct. (Docket No. 17, ¶25). In 2011, the first PR-ADU and EEOC complaints (PR-ADU No. 11-535c and EEOC No. 16H-2011-00055) were dismissed with prejudice as a result of a settlement agreement between the parties. (Docket No. 18 at 17). PR-ADU notified both parties through a letter dated September 6, 2011. Id.

**Civil No. 18-1464 (GAG)**

On December 20, 2013, Plaintiff Santiago was informed, along with his fellow coworkers, that the Metropol 3 would close operations in two days. (Docket No. 17, ¶8). On December 26, 2013, the restaurant would reopen a new location in Hato Rey ("Metropol HR"). Id. As part of the reorganization of the restaurant, all employees would maintain their positions within the company. Id.

Plaintiff Santiago worked for Metropol HR from December 2013 until his retirement. (Docket No. 17). On October 27, 2015, Plaintiff Santiago filed a second complaint with PR-ADU and EEOC (PR-ADU No. 15-739c and EEOC 16H-2016-00055c) against Metropol HR. While Plaintiff Santiago's work hours were increased to twenty-five (25) hours per week, he alleges that in retaliation for the PR-ADU and EEOC proceedings, his working hours were never increased back to the former forty (40) hours weekly, additionally he was assigned dining tables with a capacity for two. (Docket No.1, ¶20).

On February 16, 2018, the EEOC issued Plaintiff Santiago a Right to Sue Letter for the second complaint filed with PR-ADU and the EEOC. (Docket No.18 at 18). The letter notified that the EEOC would close the second complaint. Id. On May 17, 2017, Plaintiff Santiago filed the third EEOC charge (EEOC No. 515-2017-000554) against Metropol HR. Plaintiff Santiago reported "age" under the alleged cause of discrimination and continuous discrimination from June 1, 2010 through May 17, 2017. Id. at 21. The EEOC issued a Right to Sue letter on April 9, 2018, for the third EEOC complaint. Id.

**II.     Standard of Review**

As courts of limited jurisdiction, federal courts must construe their jurisdictional grants narrowly. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). Consequently, the party asserting jurisdiction carries the burden of showing the existence of federal

**Civil No. 18-1464 (GAG)**

jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996); Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132 (D.P.R. 2007). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6). Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres, 523 F. Supp. 2d at 132.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See FED. R. CIV. P. 12(b)(6), Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

### III. Legal Analysis

First, Defendants advance that there is no individual liability under the ADEA, and therefore, claims against Defendant Ravelo, in his individual capacity and his conjugal partnership, must be dismissed with prejudice. (Docket No. 18 at 12). Furthermore, Defendants note that the Amended Complaint (Docket No. 17) does not mention any defendant in their personal capacity among the parties to the complaint. Defendants also claim that most allegations pertaining to the first PR-ADU and EEOC charge should be dismissed with prejudice because Plaintiffs failed to exhaust administrative remedies. (Docket No. 18 at 16).

In response, Plaintiffs argue that the venue is proper to seek readdress, for once the agreement was reached the PR-ADU and/or EEOC had no jurisdiction to enforce the agreement. (Docket No. 28, ¶11). Plaintiffs additionally maintain their personal actions are not time-barred under Puerto Rico law.

#### A. Individual Liability under ADEA

The ADEA forbids an employer from discharging an employee because of his age. See 29 U.S.C. § 623(a)(1). "There is no individual liability under ADEA […] only the employer is liable

for the acts of its agents." Correa-Ruiz v. Calderón Sierra, 411 F. Supp. 2d 41, 47 (D.P.R. 2005). In Fantini v. Salem State Coll, the First Circuit held that "Title VII and the ADEA do not provide for individual liability; rather, only the employer may be named." 557 F.3d 22, 29-31 (1st Cir. 2009). Further, the U.S. Supreme Court has reiterated that ADEA is to be construed in accordance with Title VII. See Lehman v. Nakshian, 453 U.S. 156, n. 15 (1981).

Although, Defendant Ravelo was originally sued, in his personal capacity and his conjugal partnership, Defendants point out that Defendant Ravelo was not included in both capacities in the Amended Complaint. (Docket Nos. 17; 18 at 12). Thus, they should be dismissed from the case. Id. Plaintiffs do not contest said claim in their Opposition to Defendants' Motion to Dismiss. (Docket No. 28). This Court is justified in holding submitted uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules. Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003). As a result, Plaintiffs' claims under ADEA against Defendant Ravelo in his individual capacity and his conjugal partnership must be **DISMISSED with prejudice**.

B.  Exhaustion of Administrative Remedies

In recent years to deal with a bourgeoning case load, the EEOC has attempted to effectuate settlements among the parties even before the EEOC's investigative resources are appointed to the claim. In Owens v. West, the Court considered whether an action to enforce an EEOC settlement agreement constitutes an action under Title VII that grants the Court federal jurisdiction. Owens v. West, 182 F. Supp. 2d 180, 190 (D. Mass. 2001). The Court concluded that enforcement of an EEOC settlement agreement constitutes a civil action brought directly under Title VII, and thus, federal courts have jurisdiction over such claims. Id. at 190. It does not matter whether the enforcer of the agreement is a private party, as opposed to the EEOC, so long as the document to be enforced

**Civil No. 18-1464 (GAG)**

arose from the EEOC's auspices. Id. at 189 (citing Ruedlinger v. Jarrett, 106 F.3d 212, 214-15 (7th Cir. 1997)). Yet, prior to filing an action in a federal district court, Title VII requires the exhaustion of administrative remedies. Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990); see also Rivera v. Walgreens Co., 428 F. Supp. 2d 11, 21 (D.P.R. 2006). As a result, the EEOC has adopted administrative prerequisites regarding compliance with EEOC settlement agreements. Id. at 190.

> Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties . . . If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEOC Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a). It is evident that the agency should be given the first opportunity to address any alleged breach. Rivera v. Dalton, 77 F. Supp. 2d 220, 225 (D.P.R. 1999). The statute is clear that a complainant shall notify the EEOC within 30 days of the alleged noncompliance. 29 C.F.R. § 1614.504(a). If an employee fails to timely exhaust his administrative remedies, a district court ordinarily cannot adjudicate the employee's Title VII claims. Id. (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 832-33(1976); Jensen, 912 F.2d at 520).

No notice was provided to the EEOC alerting that Defendants had breached the agreement. Plaintiffs failed to timely notify the PR-ADU and the EEOC of the settlement breach. In fact, Plaintiffs did not assert a claim of breach until Plaintiff Santiago filed the third EEOC complaint in May 2017. (Docket No. 18-3, 1). From the evidence on record, Plaintiffs did not demonstrate exhaustion of administrative remedies as to the breach of the settlement agreement for the first complaint. Although in Puerto Rico personal actions are time-barred after fifteen (15) years, Plaintiffs failure to notify the PR-ADU and EEOC of the settlement breach prevents them from

**Civil No. 18-1464 (GAG)**

proceedings in this Court at this time. P.R. LAWS ANN. tit., 31 § 5294. Plaintiffs must first allow the EEOC to address the alleged breach. For the reasons elaborated above, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' charges in the first PR-ADU and EEOC.

### C. Statute of Limitations

Defendants advance that claims in the amended complaint regarding the second PR-ADU and EEOC charge must be dismissed as time-barred for Plaintiffs did not exhaust administrative proceedings, per the requirements, by failing to timely file a complaint in the federal court within 90 days of the Right to Sue Letter. (Docket No. 18 at 19). By contrast, Plaintiffs argue that equitable tolling by means of inadequate notice applies to the claim because any prudent person would confuse the legal effects of two separate notices of Right to Sue. (Docket No. 28, ¶13).

#### i. Equitable tolling

Equitable tolling "provides that in exceptional circumstances, a statute of limitations may be extended for equitable reasons not acknowledged in the statute creating the limitations period." Torres-Santiago v. U.S., 865 F. Supp. 2d 168, 176 (D.P.R. 2012) (quoting Neverson v. Neverson, 366 F.3d 32, 40 (1st Cir. 2004)). The doctrine must be invoked "sparingly and only in appropriate instances." Torres-Santiago, 865 F. Supp. 2d at 17. (quoting Ramos-Martinez v. U.S., 638 F.3d 315, 322 (1st Cir. 2011)). Petitioner must establish a basis for equitable tolling. Id. To carry this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Ramos-Martinez, 638 F.3d at 323 (quoting Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted).

The Court finds nothing in the record to call for the application of the doctrine of equitable tolling. This is not a case in which a claimant has received inadequate notice. See Ortega

8

**Civil No. 18-1464 (GAG)**

Candelaria Orthobiologics LLC, 661 F.3d 675, 680 (1st Cir. 2011); see also Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 47-48 (1st Cir. 2005). Nor has the Court led the plaintiff to believe that he had done everything required of him. See Carlile *v.* South Routt School District RE 3-J, 652 F.2d 981 (10th Cir. 1981). This is also not a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. See Villasenor v. Lockheed Aircraft Corp., 640 F.2d 207 (9th Cir.1981); Wilkerson v. Siegfried Insurance Agency, Inc., 621 F.2d 1042 (10th Cir. 1980). Leake v. University of Cincinnati, 605 F2d 255 (6th Cir. 1979). One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence. Baldwin County Welcome Ctr. V. Brown, 466 U.S. 147, 151 (1984).

Plaintiff received notice regarding his charges against Defendants. (Docket No. 28, ¶13). Plaintiff Santiago alleges that he confused the legal effects of the two Right to Sue Letters sent by the EEOC, as any prudent person would have confused its effects. Id. Plaintiff Santiago pleas for his actions to be construed as inadequate notice and thus, be subject to equitable tolling. Id. The Court cannot excuse the untimely filing due to Plaintiff's lack of diligence. Any prudent person would have read the Right to Sue Letter and realize that it establishes a definite time frame for filing the complaint in the district court. If after reading the letter, the person would still have doubts, he or she could have called the PR-ADU and/or EEOC and asked for detailed information. Thus, Defendants' Motion to Dismiss with prejudice all the claims based on all the acts of age discrimination that Plaintiff Santiago alleged in the second PR- A D U and EEOC charges is **GRANTED** as said claims are time-barred.

**Civil No. 18-1464 (GAG)**

## *ii. Continuing Violation Doctrine*

Defendants also contend that the allegations in the Amended Complaint regarding discriminatory acts, which allegedly occurred during 2014 and 2015, were not included in the second PR-ADU and EEOC charge. (Docket No. 18 at 20). Thus, Defendants request that those allegations be dismissed with prejudice because Plaintiff didn't comply with the requirements of the administrative exhaustion that demand employment discrimination claims to be filed within 300 days of the alleged discrimination. Id.

Under the ADEA, a plaintiff must file an employment discrimination complaint with the EEOC within 300 days of the alleged discrimination before bringing suit in federal court. Ramos v.Vizcarrondo, 120 F. Supp. 3d 93, 103 (D.P.R. 2015) (citing Rivera-Rodriguez v. Frito Lay Snacks Caribbean, 265 F.3d 15, 21 (1st Cir. 2001)). Although neither party mentioned the following, courts have recognized a narrow exception to the limitations period via the "continuing violation doctrine." Pérez-Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008). Under the continuing violation doctrine, "a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period." Ayala v. Shinseki, 780 F.3d 52, 57 (1st Cir. 2015) (quoting Tobin v. Liberty Mut Ins. Co., 553 F.3d 131, 130 (1st Cir. 2009)). Nevertheless, the "Supreme Court stated in Morgan that 'termination, failure to promote, denial of transfer, or refusal to hire' are easily identifiable discrete acts instantaneously actionable." Ayala, 780 F.3d at 57 (quoting National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 114 (2002)). In addition, the U.S. Supreme Court has held that the denial of a reasonable accommodation, the failure to renew a contract, a change of supervisor, a relocation to another floor, a transfer to another office, and the failure to assign work to an employee also constitute discrete acts. Id. Each discrete discriminatory act starts a new clock for filing. Id.

Plaintiff's alleged acts of discrimination between 2014-2015 such as the decrease in work schedule and serving tables belong to the discrete acts category, and therefore, are not included under the continuing violation doctrine. Those acts were not included in the second PR-ADU and EEOC charge. (Docket No. 18 at 20). The alleged discriminatory acts should had been brought to the PR-ADU and EEOC at the time they occurred. Due to Plaintiffs' failure to initiate charges regarding the discriminatory acts, such claims are time-barred. Plaintiff had to file charges within 300 days after the alleged discrimination. Therefore, Defendants' Motion to Dismiss as to the allegations in the Amended Complaint not stemming from the charges PR-ADU No. 15-739c and EEOC No. 16H-2016-00055C is **GRANTED**.

D. Res Judicata

Defendants additionally advance that the claims of the first PR-ADU and EEOC charge, now alleged before the Court, must be dismissed with prejudice as Plaintiffs in 2011 voluntarily dismissed the charge of discrimination in the settlement agreement. Thus, Defendants argue Plaintiffs cannot include those acts of discrimination in the third EEOC charge, for the latter would only cover acts of discrimination that occurred within 300 days of its filing on May 17, 2017. Plaintiffs counter that the claims in the third EEOC complaint must be allowed to proceed, which would cover the previous 300 days prior to the third EEOC filing until his retirement from work. (Docket No. 28, ¶ 21).

A settlement agreement is a contract by means of which each of the parties in interest, by giving, promising, or retaining something avoids the provocation of a suit, or terminates one that has already been instituted. P.R. LAWS ANN. tit., 31 § 4821. There are two types of settlement agreements, judicial and extrajudicial. Extrajudicial are those voluntarily agreed to by the parties before the commencement of a civil action, or entered into during the pendency of a lawsuit,

**Civil No. 18-1464 (GAG)**

without seeking the court's intervention. <u>Neca Mortg. Corp. v. A & W Dev. S.E.</u>, 137 DPR 860, 870 (1995). However, if the parties move to incorporate the settlement agreement into a legal action already in progress, the settlement becomes judicial. <u>Id.</u> "A settlement agreement is binding and enforceable and has the same authority of res judicata." <u>Torres v. Gotay (In re Empresas Inabon, Inc.</u>), 358 B.R. 487, 524 (Bankr. D.P.R. 2006) (quoting Civil Code of Puerto Rico, Art. 1715, P.R. LAWS ANN. tit., 31§ 4827. <u>See also</u> <u>Citibank v. Dependable Ins. Co., Inc.</u>, 12121 P.R. Offic. Trans. 496 (1988). The Puerto Rico Supreme Court, quoting Spanish commentator Manuel Albaladejo, states "an out-of-court settlement is not legally binding and cannot be fulfilled unless declared legally effective by a court . . . , but it does have the authority of res judicata, which . . . must be construed and understood to the effect that once the settlement is agreed, it would be illegal to raise agreements or clauses, defects, positions or circumstances which could affect the legal relationships." <u>Id.</u> (quoting 121 DPR 503, 509 (citing Manuel Albaladejo, <u>Comentarios al Código Civil y compilaciones forales</u> 55, Madrid, Ed. Rev. Der. Privado (1979))).

Puerto Rico's *res judicata* doctrine states that for its presumption to be valid in another suit, "it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." <u>Reyes v. Caribbean</u>, 2017 U.S. Dist. Lexis 217889, 4; 2017 WL 4226351, 2 (quoting P.R. LAWS ANN. tit., 31 § 3343). The First Circuit has indicated that "res judicata operates as an absolute bar to re-litigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well." <u>Westcott Constr. Corp. v. Firemen's Fund</u>, 996 F.2d 14, 16 (1st Cir. 1993)(quoting <u>Griffin v. State of R.I</u>, 760 F.2d 359, 360 (1st Cir. 1991)). The purpose of the issue preclusion doctrine is to prevent a

party from relitigating an issue when there has been full and fair litigation, including an opportunity to appeal. See In re Kane, 254 F.3d 325, 329 (1st Cir. 2001); see also Nutter v. Monongahela Power Co., 4 F.3d 319, 321-22 (4th Cir. 1993)). In 2011, the PR-ADU dismissed with prejudice the first complaint, clearly stating that it was pursuant to an agreement between the parties. (Docket No. 18; Exhibit 1, page 3). The PR-ADU and EEOC claims settled in 2011 and the claims brought in the present complaint share the same identity between the things, causes, and persons of the litigants. In the case at hand, Plaintiffs and Defendants are the same parties from the EEOC claim dismissed in 2011 due to a settlement agreement reached by the parties. Also, the complaints being raised before the court are the same that were dismissed by the EEOC in 2011. Therefore, the Court **GRANTS** dismissal with prejudice the first PR-ADU and EEOC complaint, for they are being alleged for a second time, and **MAINTAINS** charges from the third EEOC complaint that covers the alleged discriminatory acts from the 300 days prior to its filing. Plaintiffs cannot relitigate the issue already subject to the settlement agreement.

E. Failure to state a claim

Defendants additionally request that the entirety of Plaintiffs' Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. (Docket No. 18 at 24). Yet, Defendants do not give further explanations as to why Plaintiff's allegedly failed to state a claim. Plaintiffs counter that sufficient facts have been alleged plausibly to the Court to support such discriminatory acts took place.

A complaint is not obliged to present "detailed factual allegations" to be valid. Ashcroft v. Iqbal, 556 U.S 662, 678 (2009). However, a complaint must not simply state mere "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. Well pled facts are non-conclusory and non-speculative. Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018). "If a plaintiff's

allegations, taken as true, are insufficient to establish proximate causation, then the complaint must be dismissed; if they are sufficient, then the plaintiff is entitled to an opportunity to prove them." Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 134 n.6 (2014). "At the pleading stage, the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) (citing Iqbal, 556 U.S. at 678).

After considering the parties' filings, the Court denies Appearing Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiffs' claims have facial plausibility that allows the court to draw inferences that Defendants are liable for the discriminatory acts alleged. From the filings submitted to the Court, Plaintiffs' have well-pleaded facts to sustain a plausible claim for relief.

F.  Supplemental Jurisdiction

Furthermore, Defendants request that the Court decline to exercise supplemental jurisdiction for all claims brought under local laws Puerto Rico Law 100 of June 30, 1959, as amended, P.R. LAWS ANN. tit., 29 § 146, *et seq.*, and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit., 31 §§5141 and 5142, in the absence of federal claims. (Docket No. 18 at 24). However, Plaintiffs' have an ongoing federal claim pursuant to the third EEOC charge. The doctrine of supplemental jurisdiction states that:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. The Court in this case will retain the supplemental claims.

**Civil No. 18-1464 (GAG)**

In view of the above, the Court **DENIES** Defendants' Motion to Deny Supplemental Jurisdiction as to any local law claims that remain under Puerto Rico Law 100 of June 30, 1959, as amended, P.R. LAWS ANN. tit., 29 § 146, *et seq.*, and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit., 31 § 5141-5142.

IV. **Conclusion**

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice claims under ADEA against Defendant Octavio Ravelo, in his individual capacity and his conjugal partnership, as well as claims based on acts of age discrimination that Plaintiff alleged in the second PR-ADU and EEOC charge. Furthermore, allegations found in the Amended Complaint not related to the allegations included in the second PR-ADU and EEOC charge, and claims related to the first PR-ADU and EEOC charge alleged for a second time.

The Court **DENIES without prejudice** Defendants' Motion to Dismiss claims related to the first PR-ADU and EEOC charge, the third EEOC charge, which covers the alleged discriminatory acts within the 300 days prior to its filing, and Defendants' Motion to Dismiss complaint over failure to state a claim upon which relief can be granted. Additionally, the Court **DENIES** the Motion to Deny Supplemental Jurisdiction.

**SO ORDERED**.

In San Juan, Puerto Rico this 21st of August, 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge